Approved: _____
BENJAMIN A. NAFTALIS
Assistant United States Attorney

Before:   THE HONORABLE THEODORE H. KATZ
          United States Magistrate Judge
          Southern District of New York

07 MAG 1125

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :    **COMPLAINT**

       - v. -                    :    Violation of
                                      18 U.S.C. § 922(g)(1)
KAREEM EDWARDS,                  :
                                      COUNTY OF OFFENSE:
              Defendant.         :    BRONX

- - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

JOSEPH FITZGERALD, being duly sworn, deposes and says that he is a New York City Police Detective with the Firearms Enhancement Unit, and he charges as follows:

COUNT ONE

On or about July 6, 2007, in the Southern District of New York, KAREEM EDWARDS, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, attempted robbery in the first degree while displaying what appeared to be a firearm, in violation of New York Penal Law 160.15, in New York Supreme Court, Bronx County, unlawfully, wilfully, and knowingly, did possess in and affecting commerce, a firearm, to wit, a Llama .45 caliber semiautomatic firearm, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge, is, in part, as follows:

1.  I am a Detective in the Firearms Enhancement Unit of the New York Police Department ("NYPD"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other

individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

  2. I have spoken with an officer of the NYPD ("Officer-1"), who informed me of the following, in substance and in part:

  a. On or about July 6, 2007, at approximately 8:15 p.m., Officer-1 and a second NYPD officer ("Officer-2"), after receiving a report of shots fired in the vicinity of 1160 East 229th Street, Bronx, New York ("1160 E. 229th Street"), arrived (via patrol car) in the area around 1160 E. 229th Street.

  b. Officer-1 saw a black-skinned male, who he later learned to be KAREEM EDWARDS, the defendant, near 1160 E. 229th Street, walking towards a nearby parking lot. Officer-1 observed EDWARDS clutching, close to his body, a small, dark-colored towel wrapped around what appeared to be a heavy object. EDWARDS proceeded to walk quickly to a parked car (the "Car").

  c. Officer-1 observed KAREEM EDWARDS, the defendant, open the Car's driver's side door, bend over and down, and place the dark-colored towel, which appeared to be covering a heavy object, underneath the driver's seat. EDWARDS then sat down in the Car and closed the driver's-side door.

  d. Thereafter, Officer-1 and Officer-2 approached the Car and identified themselves as police officers. KAREEM EDWARDS, the defendant, refused to roll down the window to the Car, and Officer-2 opened the driver's-side door, which was unlocked. Officer-1 stood at the passenger-side door, which was locked.

  e. Officer-2 then asked KAREEM EDWARDS, the defendant, several questions. Officer-2 first inquired as to whom the Car belonged; EDWARDS replied that the Car was his. Officer-2 then asked EDWARDS for his registration; EDWARDS refused, and proceeded to tell Officer-2 that the Car belonged to his father. Next, Officer-2 asked EDWARDS for his driver's license. Despite the officers' repeated requests for his driver's license, EDWARDS refused to produce it.

  f. Officer-2 next asked KAREEM EDWARDS, the

defendant, to get out of the Car. EDWARDS did so. Officer-1 observed EDWARDS, who was acting nervous and stuttering, repeatedly move his hands between the insides of in his front and back pockets.

g. KAREEM EDWARDS, the defendant, continued to move his hands in and out of his pockets, despite the officers' numerous commands to the contrary and their command to place his hands on the Car. Thereafter, Officer-2 conducted a protective frisk, which revealed nothing of note.

h. Officer-1 looked around the Car, and observed the dark-colored towel protruding out of the back part of the driver's seat. Officer-1 retrieved the dark-colored towel and found a loaded Llama .45 caliber semiautomatic firearm wrapped in that towel. Officer-1 alerted Officer-2 to the presence of the weapon, and KAREEM EDWARDS, the defendant, was handcuffed and placed under arrest.

3. I have spoken to an Alcohol, Tobacco and Firearms Special Agent, who is an expert in the manufacture of firearms, and who has informed me that a Llama .45 caliber semiautomatic firearm is not manufactured in New York State.

4. I have reviewed criminal history records pertaining to KAREEM EDWARDS, the defendant, which reflect that the defendant was convicted on or about March 19, 2001, of attempted robbery in the first degree while displaying what appeared to be a firearm, in violation of New York Penal Law 160.15, in New York Supreme Court, Bronx County, and sentenced to seven years' imprisonment.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of KAREEM EDWARDS, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
DETECTIVE JOSEPH FITZGERALD 7656
New York City Police Department

Sworn to before me this
13 day of July 2007

s/ _____
HONORABLE THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-4-