

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 24, 2007

<u>**BY HAND AND ECF**</u>

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Foley Square
New York, New York  10007

        Re:  <u>**United States v. Kareem Edwards**</u>
            **07 Cr. 719 (WHP)**

Dear Judge Pauley:

    The Government respectfully submits this letter in reply to the defendant's post-hearing submission dated September 19, 2007 ("Def. Opp. Br.") in support of his motion to suppress the physical evidence recovered by officers of the New York City Police Department ("NYPD") in connection with the defendant's arrest on July 6, 2007, for possession of a loaded firearm.  As previously set forth in the Government's September 18, 2007 letter, the defendant's motion should be denied because there was reasonable suspicion [i] to conduct a brief investigatory detention of the defendant based on the officers' belief that criminal activity had occurred or was about to occur; and [ii] to conduct a careful and limited search of the defendant's person and automobile based on the Officers' belief that the defendant was armed and dangerous.

    Further, the Court should decline to consider the February 2005 finding by Civilian Complaint Review Board ("CCRB") regarding Detective Joseph Scialabba as irrelevant and, in the alternative, substantially more prejudicial than probative.

The Honorable William H. Pauley III
September 24, 2007
Page 2

## Discussion

**I.  The Officers Had Reasonable Suspicion Sufficient to Justify an Investigative Stop of the Defendant**

Defendant's September 19 brief paints with a broad and hyperbolic brush, and fails to consider all the evidence. Contrary to defendant's assertions, the Court heard credible evidence supporting the officers' investigative stop of the defendant.

<u>First</u>, and most tellingly, the defendant does not take adequate account of the relevance of the shooting in front of 1160 East 229th Drive South ("1160 East 229") earlier that evening to which the NYPD responded. The radio run states that the shooter (a black male with a black firearm) was seen entering 1160 East 229. (Sprint Report of 7/6/07 (attached as exhibit D to defendant's motion to suppress) ("Sprint Report"). In addition, defendant fails to discuss the reliability of the known and authenticated confidential informant. Both these reports gave the officers a specific (and actionable) description of both the shooter <u>and</u> his likely location (1160 East 229). Further, the hearing testimony established that the NYPD Evidence Collection Unit was just leaving the area as the detectives arrived in their unmarked SUV, meaning that the armed shooter hiding inside 1160 East 229 had no opportunity to leave the building until that moment.

<u>Second</u>, lack of corroboration on each and every fact is not indicative of implausibility or lack of credibility. Since July 6, the officers have investigated hundreds of cases, and told the Court only what they remember -- no more. Det. Scialabba was the only officer who testified that he saw the defendant with the towel because he was the only one who saw him with the towel. Det. Estwick did not; he was driving the SUV and directed his attention to the large crowd that had gathered in the area. (Tr. 101). It is unrealistic to believe that each officer saw everything. Thus, the officers' testimony was complementary, not contradictory. And contrary to defendant's arguments, the facts are to be viewed objectively based on a totality of the circumstances. (<u>See</u>, <u>e.g.</u>, Def. Opp. Br. 16 ("Detective Abdurrahim's testimony falls far short of particularized reasoning.").

<u>Third</u>, defendant's contention that only Det. Scialabba "had information that the suspect they were looking for was a black man with braids" is unsupported. (Det. Opp. Br. at 12). Det. Scialabba testified that he provided the following

The Honorable William H. Pauley III
September 24, 2007
Page 3

description of the shooter to his teammates at the tactical meeting earlier that evening:

> Q. Did you provide any physical description of the person you might be looking for?
>
> A. Yes. I mentioned for -- like it was a male black with braids that my informant had given me earlier.
>
> Q. And who was present at this meeting when you gave these instructions?
>
> A. I remember telling Detective Estwick, Detective Abdurrahim, and Detective Velez, and my lieutenant who was there.

(Tr. 12). The "collective knowledge doctrine" permits courts to ascertain probable cause to arrest and reasonable suspicion to stop by looking at the "collective knowledge of the police force- instead of simply looking at the knowledge of the arresting officer . . . because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation." United States v. Valez, 796 F.2d 24, 28 (2d Cir. 1986).

  Fourth, whether the defendant was arrested with (or without) a baseball cap is of no moment. As the defendant's arrest photo makes clear, he had thick braids that extended well below his ears to the base of his neck. (Attached hereto as Exhibit A). Given that a baseball cap stops above the ears, it is reasonable to assume that approximately half of the defendant's braids would have been visible to the officers. Moreover, defendant's counsel's cross-examination fails to support his bald argument that "Mr. Edwards' hair simply could not have been visible to Detective Scialabba upon first sighting him." (Def. Opp. Br. 13).

  Fifth, the defendant's emphasis on 1154 East 229th Drive South is a red herring. At the evidentiary hearing, defendant's counsel cross examined Det. Scialabba and introduced a videotape of the area in an attempt to substantiate the claim that the defendant was leaving 1154 East 229th Drive South and not 1160 East 229. (Tr. 31-40; Defendant's Exhibit X1; Declaration of Kareem Edwards dated August 22, 2007 ¶ 2). This attempt failed. Each officer specifically placed the defendant on the pathway connected to 1160 East 229. Each officer's testimony corroborated the location of the defendant and his car.

The Honorable William H. Pauley III
September 24, 2007
Page 4

No officer placed the defendant anywhere near 1154 East 229th Drive South.

  <u>Lastly</u>, the defendant's description of the area and what the officers could and could not see is belied by the evidence. The lighting was far from poor; indeed, the officers testified that it was dusk and it was still light out. (Tr. 13-14). Additionally, the Horseshoe area is covered with streetlights. As is visible in Defendant Exhibit 1X and Government Exhibit 1, there are outdoor flood lights posted along the outside of each of the Edenwald Housing Projects, in addition to light poles along the walking path -- and one light pole stands <u>directly</u> in front of the spot where the defendant's car was parked. (<u>See</u> annotated copy of Government Exhibit 1 (attached hereto at Exhibit B)). Furthermore, the officers testified that they were driving in an SUV that stood far higher than an ordinary patrol car. (Tr. 14-15; 87; 104).

**II.   The Court Should Decline to Consider the Single, Substantiated CCRB Complaint Against Detective Joseph Scialabba**

  The Government respectfully submits that the Court should not consider the single, substantiated CCRB complaint against Det. Scialabba. The internal administrative finding against Detective Scialabba does not impact upon his credibility at this hearing. As discussed below, a finding that a witness' testimony lacks credibility in one case ordinarily is irrelevant to another case unless (1) the finding is a general conclusion regarding the witness's veracity, or (2) there is a connection between the subject matter of the witness's testimony in the two cases. <u>See</u> <u>United States</u> v. <u>Cruz</u>, 894 F.2d 41, 43 (2d Cir. 1990). Because no general findings were made about the veracity of Det. Scialabba by the CCRB -- nearly three years' ago -- and because his testimony in this case does not bear any relation to the subjects about which he testified in that hearing, any consideration of the CCRB's findings should be barred.

  **A.   Allegations and Findings of Misconduct by CCRB in February 2005**

  In February 2005, the CCRB issued a report regarding a July 20, 2004 arrest of Philmore Johnson, after which Det. Scialabba and his partner were found to have improperly stopped and frisked Johnson. At base, Johnson was stopped and frisked after the officers saw a bulge in Johnson's pocket and observed him to be acting evasively. The CCRB concluded that the officers did not have reasonable suspicion to stop and frisk Johnson, and

The Honorable William H. Pauley III
September 24, 2007
Page 5

determined that both officers were not credible as to their recitation of the facts regarding this specific incident. Notably, the CCRB credited parts of Scialabba's testimony; and some of the CCRB's reasoning is (to say the least) strained:

> To their credit, both officers admitted that Mr. Johnson was frisked; to their discredit, neither took responsibility for the frisk. However, they were forthcoming and did not deny the incident or claim lack of recall. When asked how Mr. Johnson's ID was returned to him, PO Scialabba answered, "I handed it to him," but when asked to clarify if he had requested and received the ID, he claimed that he did not know. The fact that PO Ohanlon was able to distinguish, as a whole, between his actions and that of his partner, further supports that PO Scialabba was not forthcoming. PO Ohanlon was more credible than PO Scialabba <u>because he recalled more of the incident even though his partner completed the UF-250 [which documented the stop]</u>."

(CCRB Case Report No. 200407038 (attached to Def. Opp. Br. as Exhibit E) at 6 (emphasis supplied)).

Additionally, the CCRB concluded that two of the allegations against the officers relating to the same arrest were unsubstantiated based on "conflicting civilian statements and insufficient evidence." (<u>Id.</u> at 2). As to the allegation of offensive language, the CCRB concluded:

> Mr. Johnson and Ms. Nisbeth [the other complaintant] both alleged that the same offensive comments were made to Mr. Johnson, however, <u>they provided differing descriptions of the subject officer(s)</u>.

(<u>Id.</u> at 7). And with respect to the officers' alleged discourtesy, the CCRB concluded that "no determination can be made as to what PO Scialabba's role was during the interaction." (<u>Id.</u>). Thus, while the CCRB found Scialabba not credible as to his stop and frisk, the CCRB also determined that both the complainant and witness gave conflicting testimony about other material (and unsubstantiated) allegations against Scialabba.

    **B.   Discussion**

With respect to the CCRB's findings concerning Det. Scialabba, the Second Circuit's decision in <u>United States</u> v. <u>Cruz</u>, 894 F.2d 41 (2d Cir. 1990), is directly on point. In <u>Cruz</u>, a defendant sought to impeach a Government informant at trial

The Honorable William H. Pauley III
September 24, 2007
Page 6

before Judge Keenan with a transcript of a sentencing hearing in a different case. At that prior sentencing, Judge Korman of the Eastern District of New York had found the informant's testimony not credible. Judge Keenan, the trial judge in Cruz, precluded defense counsel from cross-examining the informant based on Judge Korman's remarks. The Second Circuit affirmed, holding that:

> The transcript [of the sentencing proceeding] reflects only a finding that [the witness] lacked credibility as to his testimony in that case, not that he was lacking in veracity generally. In the absence of any connection between the subject of [the witness' testimony in the first case] and his testimony in the case at bar, it cannot be said that Judge Korman's finding as to the former is relevant in any way to a resolution of the issues in [the present] case.

Cruz, 894 F.2d at 43.

Following Cruz, courts in this District have repeatedly barred questions on cross-examination regarding another fact-finder's determination that a witness was not credible in a separate, unrelated proceeding. See, e.g., United States v. Sencion, No. 99 Cr. 608 (S.D.N.Y. Oct. 21, 1999) (Preska, J.) (precluding cross-examination of witness regarding two separate and independent judicial findings that the witness had provided incredible testimony because in those earlier cases neither judge found that witness lacked veracity generally or that subject testimony related to case at bar); United States v. Gambino, No. 94 Cr. 687 (S.D.N.Y. Sept. 29, 1995) (Baer, J.) (precluding cross-examination of witness concerning judge's prior finding in an unrelated case that witness testimony was not credible); United States v. Pena, No. 89 Cr. 410, 1992 WL 188371 at *5 n.9 (S.D.N.Y. July 30, 1992) (Kram, J.) (following Cruz and holding that another court's determination that DEA agent had testified falsely at unrelated suppression hearing was irrelevant to determination of same agent's credibility in case before court); United States v. Porcaro, No. 00 Cr. 1271 (SHS) (S.D.N.Y. Sept. 10, 2001) (precluding cross-examination of Government witness on fact that the Honorable Naomi R. Buchwald had previously found witness' testimony incredible); but see United States v. Bagaric, 706 F.2d 42, 65 (2d Cir. 1983) (holding that it was not an abuse of the trial court's discretion to allow cross-examination of the defendant on the fact that an immigration judge had found the defendant's testimony not credible after the defendant testified on direct examination that he had sought and been denied political asylum).

The Honorable William H. Pauley III
September 24, 2007
Page 7

The Second Circuit's holding in Cruz, and the district court decisions that follow it, recognize that a finding regarding the credibility of a witness in a particular proceeding is not relevant to whether that witness' testimony should be credited in a separate, unrelated proceeding. Here, no findings were made by the CCRB that Det. Scialabba was "lacking in veracity generally." Cruz, 894 F.2d at 43. The findings, rather, were limited exclusively to the testimony given to the CCRB in connection with a single arrest in 2004. As in Cruz and the district court cases cited above, the testimony given by Det. Scialabba to the CCRB back in 2005, about which an adverse credibility finding was made by the CCRB, is irrelevant to the testimony that he would provide at the hearing in this case. The substance of Det. Scialabba in this matter is entirely unrelated to his testimony before the CCRB. And the reasoning and findings of the CCRB do not bespeak an incredible officer, but only the finding of a specific panel about his testimony relating to a specific, three year-old arrest.

Accordingly, the Court should decline to consider the single substantiated CCRB complaint against Det. Scialabba when evaluating his testimony.

### III. Defendant Has Abandoned Any Argument that the Officers Did Not Have Reasonable Suspicion to Conduct a Security Sweep of the Defendant's Car

Defendant makes only a single, relevant reference to the lawfulness of the officers' sweep of the defendant's car: "The police did not have an objectively specific and articulable basis for believing Mr. Edwards was armed and dangerous, and his frisk and the search of the car was unlawful." (Def. Opp. Br. 18) (emphasis supplied). Having advanced no argument as to the search of his car, the defendant has abandoned any argument that officers did not have reasonable suspicion to justify their security sweep of Edwards' car under Michigan v. Long, 463 U.S. 1032 (1983). Thus, if this Court determines that the officers had reasonable suspicion to search the defendant outside the car, it must conclude that the officers continued to have reasonable suspicion to search the passenger compartment for weapons once the defendant got into the car. (See id. at 1050).

The Honorable William H. Pauley III
September 24, 2007
Page 8

## Conclusion

For the reasons set forth above, defendant's motion to suppress the physical evidence should be denied, and this Court should decline to consider the February 2005 finding by the CCRB.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _/s/ Ben_
Benjamin A. Naftalis
Assistant United States Attorney
Tel.: (212) 637-2456

cc: David Patton, Esq.

**EXHIBIT A**




# NEW YORK CITY POLICE DEPARTMENT

## *Mugshot Pedigree*



| | |
|---|---|
| NAME: | EDWARDS KAREEM |
| NYSID#: | 9450753H |
| Arrest #: | B07652865 |
| Arrest Date#: | 07-06-2007 |
| Top Charge: | |
| Date of Birth: | 07-03-1983 |
| Age at Offense: | 24 |
| Social Security #: | 0 |
| PCT of Arrest: | 047 PRECINCT |
| Source: | LIVE |

### PHYSICAL DESCRIPTION

| | |
|---|---|
| Race: | BLACK |
| SEX: | MALE |
| Height: | 600 |
| Weight: | 175 |
| Hair Length: | NORMAL |
| HAIR COLOR: | LIGHT BROWN |
| Hair Type: | BRAIDS |
| Complexion: | CLEAR |
| Eye Color: | BROWN |

Scars, Marks Tattoos:
Desc:
Location:
Bodyside:

Alias 1:
Alias 2:
Alias 3:
Alias 4:



**EXHIBIT B**

E 229 DR S
STREET LIGHT