

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 5, 2007

**BY FACSIMILE AND ECF FILING**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:  **United States v. Kareem Edwards**
         **07 Cr. 719 (WHP)**

Dear Judge Pauley:

    The Government respectfully submits this letter-memorandum in reply to defendant's December 4, 2007 letter in opposition to the Government's November 29, 2007 *in limine* motion.

### The 911 Call and Radio Dispatch Should Be Admitted

    Contrary to the defendant's arguments, both the 911 call and Radio Dispatch are direct evidence of the essential factual question in this case:  whether the defendant possessed the firearm charged in the Indictment.

    *First*, the 911 Call and Radio Dispatch are relevant. They provide crucial background and corroborative evidence of and context to likely police testimony.  Absent their admission, the jury would be left to speculate (improperly and unreasonably) about the detectives perfectly proper motives for traveling to 1160 East 229 in connection with a firearms-related offense.

    *Second*, as set forth in the Government's prior letter-memorandum, both the 911 Call and Radio Dispatch are admissible under the longstanding hearsay exception for excited utterances. Even a cursory review of the 911 Call and the Radio Dispatch

The Honorable William H. Pauley III
December 5, 2007
Page 2

(Should it aid the Court, the Government is happy to provide copies of the two recordings.)  It is clear that a startling event occurred.  It is also clear that both the 911 Caller and the Housing Officer were under stress and do, in fact, speak in a "frantic manner."  And there can be no substantial doubt that the declarants' out-of-court statements (i.e., both that Caller's and the Housing Officer's reports of shots fired) related to the startling event (the shooting).  United States v. Brown, 254 F.3d 454, 458 (2d Cir. 2001).

Third, as set forth more fully in the Government's letter-memorandum, both the 911 Call and Radio Dispatch are nontestimonial.  The Supreme Court's recent decision in Davis v. Crawford, 126 S. Ct. 2266 (2006), makes plain that statements are testimonial "when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."  Id. at 2274.  On July 6, 2007, there was clearly an "ongoing emergency" (six shots fired in a residential area) and it cannot be said with a straight face the "primary purpose[s]" of 911 Caller and the Housing Officer were to help line-up the facts relating to the shooting at 1160 for future prosecution.  Both reported what they heard and saw so that the situation could be remedied and no one else injured.

Lastly, both the 911 Call and Radio Dispatch are admissible under the longstanding hearsay exception for present sense impressions.  Here, contrary to the defendant's assertions, there is nothing about the 911 Call or the Radio Dispatch that suggests that the Caller and Housing Officer did not see or hear the shooting.  Both speak in real time about what they saw and heard.  Though, in the case of the Radio Dispatch, one officer does reference what he's learned on the scene, that does not detract from the substance and present impression of the Housing Officer.  See, e.g., United States v. Mejia-Velez, 855 F. Supp. 607, 613-614 (S.D.N.Y. 1994) (admitting several 911 calls made after a shooting, including one call made at least 18 minutes later); Thomas, 453 F.3d at 843-44 (affirming admission of 911 call regarding an assault); United States v. Bradley, 145 F.3d 889, 892 (7th Cir. 1998) (no dispute on appeal that district court properly found 911 call, reporting recent brandishing of gun, qualified as present sense impression); United States v. Hawkins, 59 F.3d 723, 730 (8th Cir. 1995), vacated on other grounds, 516 U.S. 1168 (1996) (affirming admission of 911 call regarding an assault, where call was placed at least seven minutes after the incident); United States v. Johnson, 2006 U.S.

The Honorable William H. Pauley III
December 5, 2007
Page 3

Dist. LEXIS 19111, at *9-11 (E.D. La. April 12, 2006) (admitting 911 calls made during and after robbery); United States v. Campbell, 782 F. Supp. 1258, 1260 (N.D. Ill. 1991) (admitting 911 call made shortly after shooting).[1]

### The Defendant's Statements Should Be Admitted

Rule 16 discovery is a rolling and reciprocal obligation. The Government has followed it to the letter, and disclosed the defendant's statement the very day it learned of it. (The Government was preparing the officers on September 3, 2007 for the evidentiary hearing set for September 4, 2007.) On September 4, 2007, Det. Scialabba testified to the defendant's second statement. In the intervening two months, the defendant sought neither to amend his motion nor to raise any new issue, knowing full well about the substance of both statements.

The defendant's failure to move for suppression, when the record was still open, is a non-issue, however, given the well-worn law governing this issue: a defendant's spontaneous statements "given freely and voluntarily without any compelling influence" are admissible nothwithstanding the absence of Miranda warnings. United States v. Compton, 428 F. 2d 18, 22 (2d Cir. 1970) (quoting Miranda v. Arizona, 384 U.S. 436, 478 (1966). Thus, "[v]olunteered statements of any kind are not barred by the Fifth Amendment." Miranda, 384 U.S. at 478; see also United States v. Vigo, 487 F. 2d 295 (2d Cir. 1973) (voluntary statement before Miranda warnings completely read admissible); Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (holding Miranda limited to statements in response to interrogation and also holding that a defendant is not "interrogated" by law enforcement unless directly questioned by officers or subject to its "functional equivalent," defined as being subject to statements or actions by law enforcement "reasonably likely to evoke an incriminating response").

Accordingly, the defendant's post-arrest statement should be admitted at trial.

---

[1] Should the Court determine that the 911 call and the Radio Dispatch are inadmissible as either present sense impressions or excited utterances, the Government would seek to admit these statements for the non-hearsay purpose of explaining to the jury why the detectives responded to the scene; stopped when they saw the defendant; approached him and not those nearby; and paid special attention to the defendant.

The Honorable William H. Pauley III
December 5, 2007
Page 4

## Conclusion

For the reasons set forth above, the Government respectfully submits that it should be allowed to introduce at trial: [1] recordings of the 911 call and NYPD Radio Dispatch, for the truth of the matters asserted therein (or, in the alternative, as background evidence); [2] the defendant's statements to the NYPD; and [3] evidence of the earlier shooting, the existence of the confidential informant, and the description of the shooter provided by the confidential informant, all as background evidence that provides needed context for an understanding of the NYPD officers' actions.

                      Respectfully submitted,

                      MICHAEL J. GARCIA
                      United States Attorney
                      Southern District of New York

By: _____
     BENJAMIN A. NAFTALIS
     Assistant United States Attorney
     Tel.: (212) 637-2456

cc:  David Patton, Esq.